UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVITA KELLY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 3:24-cv-02323-GCS |
| | ) |
| THOMAS LILLARD, Warden, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Petitioner Davita Kelly, a federal prisoner currently incarcerated at the Federal Correctional Institution at Greenville, Illinois ("FCI Greenville"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the calculation of her sentence by the Bureau of Prisons ("BOP") and its failure to credit her with time served. (Doc. 1).[1] Specifically, Kelly argues that the BOP improperly denied her 14 months and 6 days of time spent in custody prior to her federal sentence. The Respondent opposes the petition. The Respondent argues that Kelly was borrowed during the pre-sentence period by federal officials pursuant to a Writ of Habeas Corpus *ad Prosequendum*. As such, 18 U.S.C.

---

[1] Kelly appears to have exhausted her administrative remedies regarding this claim and now properly brings this claim as a petition pursuant to § 2241. *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997).

§ 3585(b) prohibits the BOP from crediting that time towards her federal sentence. (Doc. 16). Based on the reasons delineated below, the Court **DENIES** the petition.

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of her sentence. *See, e.g.*, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (recognizing that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). To obtain a writ of habeas corpus, a prisoner must show that she is in custody in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3).

"A sentence to a term of imprisonment commences on the date the defendant is received into custody . . . ," 18 U.S.C. § 3585(a), and cannot begin prior to its imposition. *Short v. Revell*, No. 05-1890, 152 Fed. Appx. 542, 544 (7th Cir. Oct. 25, 2005). But a defendant receives credit for any time he has spent in detention prior to the commencement of his sentence, *unless that time is credited against another sentence. See* 18 U.S.C. § 3585(b) (emphasis added). *See also Manuel v. Terris*, 803 F.3d 826, 828 (7th Cir. 2015) (holding that 18 U.S.C. § 3585(b) means that a defendant cannot be credited for time already credited against a state court sentence).

On March 31, 2016, Kelly was arrested by Missouri state authorities for a parole violation in Case No. 08JO-CR01410-01. (Doc. 16-1, p. 2). On May 16, 2016, her parole was

revoked, and she was placed in the custody of Missouri Department of Corrections ("MDOC") to continue serving her state-level sentence. *Id.*

On January 13, 2017, an indictment was filed against Kelly in the U.S. District Court for the Western District of Missouri in Case No 4:17-cr -00022-DGK. On February 1, 2017, Kelly was taken into temporary custody by the United States Marshals Service pursuant to a Writ of Habeas Corpus *ad Prosequendum* to ensure her appearance for federal proceedings in Case No. 4:17-cr-00022-DGK (W.D. MO). *Id.*

On October 9, 2018, Kelly was sentenced by United States District Judge Kays to a 225-month term of imprisonment for conspiracy to distribute 50 grams or more of methamphetamine. (Doc. 16-1, p. 2). Judge Kays ordered the sentence to run concurrently with the sentence in Case No. 08JO-CR01410-01. *Id.*

On October 18, 2018, the United States Marshal returned Kelly to sole custody of Missouri for continued service of her state sentence. (Doc. 16-1, p. 3). On November 2, 2018, Kelly satisfied her state court term of incarceration and was released to federal custody to begin her federal sentence. *Id.*

Kelly argues that she should be credited for her time from August 2, 2017, to October 8, 2018 - 14 months and 6 days. She maintains that she should receive the credit because she "would have been released from state custody and sent back to CCA on just the federal detainee." (Doc. 1, p. 5). Despite Kelly's argument, she cannot receive credit for any time "credited against another sentence." 18 U.S.C. § 3585(b). According to

MDOC records, Kelly received credit towards her Missouri state sentence during the "borrowed" custody time period. Therefore, the BOP was correct to calculate her sentence beginning on October 9, 2018, without any credit for any prior time served.

Lastly, Kelly also briefly argues that she remained in federal custody due to "errors of the court or my lawyer to transfer me back to State so I could terminate my State time, Aug. 2, 2017" (Doc. 1, p. 5). This argument is underdeveloped and misses the mark. Section 2241 is not the proper vehicle to raise these types of claims regarding counsel's performance and/or sentencing court errors. *See, e.g., Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (noting that questions of the computation of a sentence should proceed under 28 U.S.C. § 2241); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (noting that § 2241 is the proper avenue where the prisoner is "attacking the fact or length of his confinement in federal prison on the basis of something that happened after he was convicted and sentenced").

For these reasons, the Court **DENIES** Kelly's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and **DISMISSES with prejudice** the petition. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment in favor of Respondent.

**IT IS SO ORDERED.**

**DATED: July 25, 2025.**

Gilbert C Sison
Digitally signed by Gilbert C Sison
Date: 2025.07.25 11:38:45 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**